IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL NO. 18-CR-2945 WJ |
| | ) | |
| vs. | ) | |
| | ) | |
| JANY LEVEILLE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER COMMITTING DEFENDANT TO THE CUSTODY OF THE ATTORNEY GENERAL TO DETERMINE WHETHER SHE CAN BE RESTORED TO COMPETENCE

On October 15, 2019, after conducting a hearing in this matter, the Court found by a preponderance of the evidence that Defendant Jany Leveille is presently suffering from a mental disease or defect rendering her mentally incompetent to the extent she is unable to understand the nature and consequences of the proceedings against her or to assist properly in her defense. Based on this finding, the Court now orders the following:

1. Ms. Leveille is committed to the custody of the Attorney General. Pursuant to 18 U.S.C. § 4241(d), the Attorney General shall hospitalize Ms. Leveille in a suitable facility for such a reasonable period of time, not to exceed four (4) months, as is necessary to determine whether there is a substantial probability that in the foreseeable future Ms. Leveille will attain the capacity to permit the trial in this case to proceed.  This period of time is to commence at the time this Order arrives at the medical facility designated by the Bureau of Prisons.

2. After the expiration of the four (4) month period of time, Ms. Leveille may be subject to hospitalization for an additional reasonable period of time until her mental condition is so improved that trial may proceed, if the Court finds that there is a substantial probability that within such additional period of time Ms. Leveille will attain the capacity to permit the proceedings to go forward.

3. If, during the period specified, it is determined that Ms. Leveille has recovered to such an extent that she is able to understand the nature and consequences of the proceedings against her and to assist properly in her defense, the director of the facility at which Ms. Leveille is hospitalized shall promptly file a certificate to that effect with the Clerk of this Court, who shall send a copy of that certificate to counsel for Ms. Leveille and the United States.

4. If, at any point, the psychologist or psychiatrist treating Ms. Leveille concludes that Ms. Leveille remains incompetent to stand trial, that she refuses to voluntarily accept medication, but that she may likely be restored to competency through the forcible administration of medications, *see Sell v. United States*, 539 U.S. 166 (2003), the treating psychologist or psychiatrist shall include in the report prepared for the Court a personalized proposed treatment plan, including 1) the specific medication or range of medications that the treating physicians are permitted to use in their treatment of Ms. Leveille, (2) the maximum dosages that may be administered, and (3) the anticipated duration of time that involuntary treatment of Ms. Leveille will be required before she is expected to be restored to competency.  *See United States v. Chavez*, 734 F.3d 1247 (10th Cir. 2013).

5. Consistent with *Washington v. Harper*, 494 U.S. 210 (1990), *Riggins v. Nevada*, 504 U.S. 127, 135 (1992), and with the procedural safeguards set out in 28 C.F.R. § 549.46, the evaluating psychiatrist or psychologist may require that Ms. Leveille be administered medications if she refuses sustenance or otherwise is suffering from a "psychiatric emergency" that creates an immediate threat of "(A) [b]odily harm to self or others; (B) [s]erious destruction of property affecting the security or orderly running of the institution; or (C) [e]xtreme deterioration in personal functioning secondary to the mental illness disorder." In addition to the procedural safeguards set out in 28 C.F.R. § 549.46, notice will be given to defense counsel immediately upon scheduling of any such hearing, and defense counsel shall be allowed to participate in any such hearing.

6. The Court further orders that if at any time, the Bureau of Prisons determines that Ms. Leveille is unlikely to attain competence within a reasonable amount of time, then she shall additionally be evaluated to determine whether she is dangerous within the meaning of 18 U.S.C. § 4246, that is, whether she is presently suffering from a mental disease or defect as a result of which her release would create a substantial risk of bodily injury to another person or serious damage to property of another, and the Bureau of Prison shall report back to this Court its opinion regarding this matter and its reasons therefor..

7. Pursuant to 18 U.S.C. § 3161(h)(1)(A) and (F), any delay resulting from this order and any treatment or evaluation directed by this order shall be excluded in computing the time within which the trial in this case must commence.

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE

Submitted by:

*Electronically Signed*
Kimberly A. Brawley
Assistant U.S. Attorney

Approved by:
Kari Converse
Counsel for Defendant