# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO
_____

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                  No. 1:18-CR-02945-WJ

JANY LEVEILLE,
SIRAJ IBN WAHHAJ,
HUJRAH WAHHAJ,
SUBHANAH WAHHAJ, and
LUCAS MORTION,

## MEMORANDUM OPINION AND ORDER DENYING WITHOUT PREJUDICE SETTING OF PRETRIAL CONFERENCE PURSUANT TO 18 U.S.C. APP. III (CIPA) SECTION 2

THIS MATTER comes before the Court upon the Government's Motion for Pretrial Conference Pursuant to 18 U.S.C. App.III (CIPA), §2, filed August 27, 2020 **(Doc. 255)**. Having reviewed the parties' briefing and the applicable law, the Court finds that the Government's motion should be denied at this time because of a pending stay in this case.

## BACKGROUND

On March 13, 2019, the Grand Jury returned a seven-count superseding indictment against Defendants, alleging violations of 18 U.S.C. §§ 371 (conspiracy), 922(g)(5) (possession of a firearm by a prohibited person), 1117 (conspiracy to murder an employee of the United States, 1201 (kidnapping), and 2339A (conspiracy and providing material support to terrorists). (Doc. 85.) On February 18, 2020, the Court granted a defense motion to stay all proceedings until resolution of pending competency determinations for Defendants Leveille, Morton and Subhannah Wahhaj. (Doc. 192.)

Despite the stay that has been entered in this case, the Government requests a pretrial conference pursuant to Section 2 of the Classified Information Procedures Act, 18 U.S.C. App.III §2 ("CIPA") in order to consider the "possibility and impact" of classified information" in this case which may affect changes to the trial date and trial schedule. According to the Government, discovery has been substantially completed in this case.   It has conducted an exhaustive examination of all potentially discoverable classified information and sought declassification of all such information in order that it could be disclosed to Defendants.  Defendant Siraj Wahhaj has recently sought disclosure of additional materials, and the Government has taken the position that these additional materials, which are classified, are not discoverable because they are not relevant and helpful to the defense. *See U.S. v. Johnson,* 139 F.3d 1359, 1365 (11th Cir. 1998) (CIPA neither creates any new right of discovery nor expands the rules governing the admissibility of evidence); *United States v. Yunis*, 867 F.2d 617, 621 (D.C. Cir. 1989) (threshold for discovery in context of classified information is whether information is at least "relevant *and* helpful to the defense of [the] accused"); *see also United States v. Amawi*, 695 F.3d 457, 475 (6th Cir. 2012) (quoting *Yunis* and finding the classified information at issue not "relevant and helpful to the defense").  The Government anticipates that it will seek to delete these materials from discovery, pursuant to CIPA, because they are not relevant and helpful to the defense.

Defendants collectively object to the Government's request because it is a violation of the pending stay and also because counsel representing those Defendants undergoing competency evaluations are unable to discuss with their clients the issue of whether to object to *ex parte* submissions at the CIPA pretrial conference. They ask that the Court either strike the request for a pretrial conference or hold the request in abeyance pending the stay of the case and the resolution of the competency issues.

## DISCUSSION

Section 2 of CIPA provides that "[a]t any time after the filing of the indictment or information, any party may move for a pretrial conference to consider matters relating to classified information that may arise in connection with the prosecution." 18 U.S.C. App. 3 at § 2.  After a §2 motion is filed, the Court "shall *promptly* hold a pretrial conference to establish the timing of requests for discovery, the provision of notice required by Section 5 of [CIPA], and the initiation of the procedure established by Section 6 of [CIPA]" (emphasis added). 18 U.S.C.A. § App. 3 § 2.

The Government does not offer any case law specifically defining "promptly" in the context of a §2 CIPA pretrial conference, nor has the Court found any guidance in case law.  The Government contends that its request does not violate the Court's stay of proceedings and that CIPA's discovery requirements do not violate Defendants' due process rights. *See*, *e.g*., *United States v. El-Mezain*, 664 F.3d 467, 520 (5th Cir. 2011)(CIPA clarifies the district court's existing power to restrict or deny discovery under the Federal Rules of Criminal Procedure).  The Court disagrees that all of CIPA's discovery requirements can be accomplished without prejudice to Defendants while the stay is in effect—at least with regard to those Defendants who are undergoing competency proceedings.

The stay entered in this case forecloses a CIPA §2 pretrial conference for the simple reason that counsel for four of the defendants in this case will be unable to consult with their clients prior to the pretrial conference.  While normally such matters are administrative in nature, the fact is that there may be some general discussion "which may relate to classified information or which may promote a fair and expeditious trial" under § 2 of CIPA.[1]  The Court cannot say with certainty

---

[1] Section 2 provides:

that no matters will be discussed at the conference which will make Defendants' consultation with their attorneys irrelevant for due process purposes.

That said, both parties appear to conflate the significance of "ex parte submissions" in the context of a CIPA pretrial conference.   On the Government's part, there may be a misunderstanding that §2 envisions such submissions, when it does not.  While the provision states that ". . . the court may consider any matters which relate to classified information" at a CIPA §2 pretrial conference, there is no mention at all regarding *ex parte* submissions.  The Government cites to a Second Circuit case, *United States v. Aref,* for the proposition that a federal court can properly hold *ex parte* hearings with the Government when evaluating alleged classified material. 533 F.3d 72 (2d Cir. 2008).  However, that case discussed only §§3 and 4 of CIPA—with no mention of §2.  No stay was entered in the case and so there was no consideration of whether a stay would have foreclosed a §2 pretrial conference at the time.

Defendants, on the other hand, bring their own misconceptions into the mix, lifting the Government's request completely out of context and describing it as a motion for a pretrial conference under CIPA §2 "so that it can "request *ex parte* and *in camera* review of its decisions regarding . . . classified information."  This is the actual language from the Government's brief:

> In essence*, **Section 4*** allows the United States to request *ex parte* and *in camera* review of its decisions regarding the discoverability of classified information . . .

---

At any time after the filing of the indictment or information, any party may move for a pretrial conference to consider matters relating to classified information that may arise in connection with the prosecution. Following such motion, or on its own motion, the court shall promptly hold a pretrial conference to establish the timing of requests for discovery, the provision of notice required by section 5 of this Act, and the initiation of the procedure established by section 6 of this Act. In addition, at the pretrial conference the court may consider any matters which relate to classified information or which may promote a fair and expeditious trial. No admission made by the defendant or by any attorney for the defendant at such a conference may be used against the defendant unless the admission is in writing and is signed by the defendant and by the attorney for the defendant.

18 U.S.C.A. § App. 3 § 2.

Doc. 255 at 9 (emphasis added).  Thus, the "*ex parte*" and *"in camera"* language explains CIPA's §4 provision. The terms have no relevance to the purposes or substance of a §2 pretrial conference which is requested by the Government, by the Government's own description of its purpose:

> . . . the United States respectfully requests that the Court convene a pretrial conference to consider the possibility and impact of classified information on this case, specifically regarding the trial schedule and other relevant dates, as required by Section 2 of CIPA.

Doc. 255 at 2.  Thus, Defendants mischaracterize the Government's request for a pretrial conference to request *ex parte* and *in camera* review, when the Government's request is nothing of the kind. For this reason, the Court denies Defendants' request to strike the Government's motion.

There is not much use at this point to delve into which CIPA provisions *do* permit *ex parte* submissions and *in camera* review.  For the Court's purposes here, it is enough to point out that §4 of CIPA essentially allows the Government to request *ex parte* and *in camera* review of its decisions regarding the discoverability of classified information and, if determined to be discoverable, whether government-proposed summaries, or substitutions, would place the defendant in substantially the same position as the underlying classified information. 18 U.S.C.A. § App. 3 § 4 (emphasis added).  These procedures are firmly in place, but its use is for another day.

Therefore, the stay that has been entered in this place precludes the Court from holding a §2 CIPA pretrial conference until the stay is lifted.  The Court would point out that both parties have now taken the positions that the delays in this case are justified: (1) the Government previously took no issue with the delays that have occurred as a result of the ongoing competency proceedings, *see* Doc. 250 at 6 (Mem. Opin. & Order Denying Lifting of Stay, noting

Government's position that delay was "reasonable"); and (2) on the other side of the fence, Defendants have now advanced the position that due process requires that not even a pretrial conference should proceed without all Defendants being fully available.[2]

Last, the Court suggests to counsel that because the complexities of this case will intensify should classified information enter the fray, all parties should familiarize themselves with the relevant CIPA provisions and an accurate understanding of the same in order to prevent arguments directed at cross-purposes.

**THEREFORE,**

**IT IS ORDERED** that the Government's Motion for Pretrial Conference Pursuant to 18 U.S.C. App.III (CIPA), §2 **(Doc. 255)** is hereby DENIED WITHOUT PREJUDICE for reasons described in this Memorandum Opinion and Order.

WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] It may well turn out that the §2 CIPA pretrial conference, when it is scheduled, may not touch on matters requiring counsel to confer with their clients, but the Court cannot say this with certainty and thus finds it more prudent (as well as reasonable) to wait until the stay is lifted before setting the conference.