IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**FILED**
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

FEB 1 0 2023

MITCHELL R. ELFERS
CLERK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cr. No. 18-2945 WJ |
| | ) | |
| **JANY LEVEILLE,** | ) | |
| | ) | |
| Defendant. | ) | |

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(C), Fed. R. Crim. P., the parties notify the Court of the following agreement between the United States Attorney for the District of New Mexico, the Defendant, **JANY LEVEILLE,** and the Defendant's counsel, ARIC ELSENHEIMER and ANGELICA HALL:

## REPRESENTATION BY COUNSEL

1.    The Defendant understands the Defendant's right to be represented by an attorney and is so represented.   The Defendant has thoroughly reviewed all aspects of this case with the Defendant's attorney and is fully satisfied with that attorney's legal representation.

## RIGHTS OF THE DEFENDANT

2.    The Defendant further understands the Defendant's rights:

   a.    to plead not guilty, or having already so pleaded, to persist in that plea;

   b.    to have a trial by jury; and

   c.    at a trial:

      1)    to confront and cross-examine adverse witnesses,

2)      to be protected from compelled self-incrimination,

3)      to testify and present evidence on the Defendant's own behalf, and

4)      to compel the attendance of witnesses for the defense.

## WAIVER OF RIGHTS AND PLEA OF GUILTY

3.      The Defendant agrees to waive these rights and to plead guilty to Count 4 of the Superseding Indictment, charging a violation of 18 U.S.C. § 371, that being Conspiracy to Commit an Offense Against the United States; and Count 5 of the Superseding Indictment, charging violation of 18 U.S.C. § 922(g)(5) and § 2, that being Possession of a Firearm While Unlawfully in the United States.

## SENTENCING

4.      The Defendant understands that the minimum and maximum penalty provided by law for this offense is:

<u>18 U.S.C. § 371, Conspiracy to Commit an Offense Against the United States</u>

a.      imprisonment for a period of not more than five (5) years;

b.      a fine not to exceed the greater of $250,000 or twice the pecuniary gain to the Defendant or pecuniary loss to the victim;

c.      a term of supervised release of up to three years and not more than life to follow any term of imprisonment.   (If the Defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the Defendant's supervised release could be revoked — even on the last day of the term — and the Defendant could

2

then be returned to another period of incarceration and a new term of
supervised release.);

d.    a mandatory special penalty assessment of $100.00; and

e.    restitution as may be ordered by the Court.

18 U.S.C. § 922(g)(5) and § 2, Possession of a Firearm While Unlawfully in the
United States

a.    imprisonment for a period of not more than ten (10) years;

b.    a fine not to exceed the greater of $250,000 or twice the pecuniary gain to
the Defendant or pecuniary loss to the victim;

c.    a term of supervised release of three years to follow any term of
imprisonment. (If the Defendant serves a term of imprisonment, is then
released on supervised release, and violates the conditions of supervised
release, the Defendant's supervised release could be revoked — even on
the last day of the term — and the Defendant could then be returned to
another period of incarceration and a new term of supervised release.);

d.    a mandatory special penalty assessment of $100.00; and

e.    restitution as may be ordered by the Court.

5.    The parties recognize that the federal sentencing guidelines are advisory, and that
the Court is required to consider them in determining the sentence it imposes.

6.    The parties are aware that the Court will decide whether to accept or reject this plea
agreement. The Court may defer its decision as to acceptance or rejection until there has been an
opportunity to consider the presentence report. Pursuant to Federal Rule of Criminal Procedure

11(c)(5), if the Court rejects this plea agreement, the defendant shall have the right to withdraw the defendant's plea of guilty.

7.     Regardless of any other provision in this agreement, the United States reserves the right to provide to the United States Pretrial Services and Probation Office and to the Court any information the United States believes may be helpful to the Court, including but not limited to information about the recommendations contained in this agreement and any relevant conduct under U.S.S.G. § 1B1.3.

## ELEMENTS OF THE OFFENSE

8.     If this matter proceeded to trial, the Defendant understands that the United States would be required to prove, beyond a reasonable doubt, the following elements for violations of the charges listed below:

18 U.S.C. § 371, Conspiracy to Commit an Offense Against the United States

*First:*          The defendant agreed with at least one other person to violate the law.

*Second:*          One of the conspirators engaged in at least one overt act furthering the conspiracy's objective.

*Third:*          The defendant knew the essential objective of the conspiracy.

*Fourth:*          The defendant knowingly and voluntarily participated.

*Fifth:*          There was interdependence among the members of the conspiracy. They all performed different roles in pursuit of the objectives of the conspiracy.

18 U.S.C. § 922(g)(5) and § 2, Possession of a Firearm While Unlawfully in the United States

*First:*          The defendant knowingly possessed a firearm;

4

*Second:*        The defendant was illegally or unlawfully in the United States at the time the defendant possessed the firearm,

*Third:*        The defendant knew she was illegally and unlawfully in the United States at the time she possessed the firearm; and

*Fourth:*        The firearm had moved at some time before or during the defendant's possession from one state to another.

## DEFENDANT'S ADMISSION OF FACTS

9.        By my signature on this plea agreement, I am acknowledging that I am pleading guilty because I am, in fact, guilty of the offense(s) to which I am pleading guilty.   I recognize and accept responsibility for my criminal conduct.   Moreover, in pleading guilty, I acknowledge that if I chose to go to trial instead of entering this plea, the United States could prove facts sufficient to establish my guilt of the offense(s) to which I am pleading guilty beyond a reasonable doubt, including any facts alleged in the indictment that increase the statutory minimum or maximum penalties.   I specifically admit the following facts related to the charges against me, and declare under penalty of perjury that all of these facts are true and correct:

   a.        **From at least in or about December 2017, up to and including in or about August 2018, in the District of New Mexico and elsewhere, I, together with Siraj Ibn Wahhaj, Hujrah Wahhaj, Subhanah Wahhaj, and Lucas Morton, entered into an agreement to violate 18 U.S.C. § 922(g)(5), Possession of a Firearm While Illegally or Unlawfully in the United States, and the purpose of which was to transport firearms across state lines into the State of New Mexico for use in establishing a firearms and military tactics training range**

5

and, in so doing, to provide me access to and possession of firearms.

b.     From in or about October 2017, up to and including in or about August 2018,
in the District of New Mexico, and elsewhere, in furtherance of the
conspiracy, and to effect the objects thereof, I, together with Siraj Ibn
Wahhaj, Hujrah Wahhaj, Subhanah Wahhaj, and Lucas Morton, committed
overt acts within the District of New Mexico and elsewhere, including, but
not limited to, the following:

1)     In or about December 2017, in the State of Georgia, Siraj Ibn
Wahhaj, Subhanah Wahhaj, and Lucas Morton collected up at
least eleven firearms and hundreds of rounds of ammunition;

2)     In or about December 2017, I, together with Siraj Ibn Wahhaj,
Lucas Morton, Hujrah Wahhaj, and Subhanah Wahhaj,
crossed state lines from the State of Georgia to the State of
Alabama in vehicles containing firearms and ammunition;

3)     I was driving one of these vehicles, and I knew that there were
firearms and ammunition in the vehicle I was driving;

4)     In or about December 2017, I, together with Siraj Ibn Wahhaj,
Lucas Morton, Hujrah Wahhaj, and Subhanah Wahhaj,
crossed state lines, ultimately traveling to the State of New
Mexico, with firearms and ammunition in a vehicle owned and
driven by a co-conspirator;

5)     In or between December 2017 and August 2018, in Taos

6

County in the District of New Mexico I, together with Siraj Ibn Wahhaj, Lucas Morton, Hujrah Wahhaj, and Subhanah Wahhaj, built and maintained a compound comprised of materials such as a wooden frame, a trailer, a plastic tarp, and a tire wall and which included a firing range and tactical training ground.   We, along with our collective children, all lived on this compound between December 2017 and August 2018, except of one of the children, who died at the compound in December 2017;

6) In or between December 2017 and August 2018, in Taos County in the District of New Mexico, I, together with Siraj Ibn Wahhaj, Lucas Morton, Hujrah Wahhaj, and Subhanah Wahhaj, knowingly and intentionally stored firearms and ammunition in the compound;

7) In or between December 2017 and August 2018 in Taos County, in the District of New Mexico and elsewhere, I, together with Siraj Ibn Wahhaj, Lucas Morton, Hujrah Wahhaj, and Subhanah Wahhaj, and others possessed firearms and ammunition on the compound's firing range. These were the same firearms that I, Siraj Ibn Wahhaj, Lucas Morton, Hujrah Wahhaj, and Subhanah Wahhaj brought from the state of Georgia to New Mexico;

7

8)      In or between December 2017 and August 2018 in Taos County
        in the District of New Mexico, and elsewhere, Lucas Morton
        and Siraj Ibn Wahhaj trained persons, including my minor
        children, in firearms use and tactical maneuvers, and did so
        with my knowledge and permission;

c.      I knowingly and voluntarily participated in the conspiracy and
        performed certain tasks within my role in the conspiracy.

d.      At all times from in or between October 2017 and August 2018, I
        knew I was illegally or unlawfully in the United States due to my visa
        having expired and my never having obtained an approved adjusted
        status or renewed visa.   As such, at the time that I possessed the
        firearms, I was not allowed by law to possess the firearms or
        ammunition.

10.      By signing this agreement, the Defendant admits that there is a factual basis for
each element of the crime(s) to which the Defendant is pleading guilty.   The Defendant agrees
that the Court may rely on any of these facts, as well as facts in the presentence report, to
determine the Defendant's sentence, including, but not limited to, the advisory guideline offense
level.

## RECOMMENDATIONS

11.      The United States and the Defendant recommend as follows:

a.      The Defendant and the United States have made an AGREEMENT
        pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), that a specific

8

sentence within the range of 12-15 years (144-180 months) of imprisonment is the appropriate disposition in this case.   This agreement takes into account the Defendant's acceptance of responsibility, with no further reduction to occur.   In addition, the Court may order a fine not to exceed $250,000, a term of supervised release of three (3) years following imprisonment, a mandatory special penalty assessment, and restitution for each count of conviction.

b.   If the Court accepts the plea agreement, it must inform the Defendant that the agreed upon disposition will be included in the judgment, and the Court is bound by the terms of the plea agreement once the Court accepts the plea agreement.

### DEFENDANT'S ADDITIONAL AGREEMENT

12.   The Defendant agrees to file a motion to withdraw all of the Defendant's pending pretrial motions and to waive her right to receive any additional discovery, including any discovery that might be provided pursuant to the Classified Information Procedures Act.

13.   The Defendant understands the Defendant's obligation to provide the United States Pretrial Services and Probation Office with truthful, accurate, and complete information. The Defendant represents that the Defendant has complied with and will continue to comply with this obligation.

14.   Except under circumstances where the Court, acting on its own, rejects this plea agreement, or the United States moves to revoke this plea pursuant to paragraph 21 of this agreement, the Defendant agrees that, upon the Defendant's signing of this plea agreement, the

9

facts that the Defendant has admitted under this plea agreement as set forth above, as well as any facts to which the Defendant admits in open court at the Defendant's plea hearing, shall be admissible against the Defendant under Federal Rule of Evidence 801(d)(2)(A) in any subsequent proceeding, including a criminal trial, and the Defendant expressly waives the Defendant's rights under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 with regard to the facts the Defendant admits in conjunction with this plea agreement.

15.     By signing this plea agreement, the defendant waives the right to withdraw the defendant's plea of guilty pursuant to Federal Rule of Criminal Procedure 11(d) unless (1) the court rejects the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(5) or (2) the defendant can show a fair and just reason as those terms are used in Rule 11(d)(2)(B) for requesting the withdrawal.  Furthermore, defendant understands that if the court rejects the plea agreement, whether or not defendant withdraws the guilty plea, the United States is relieved of any obligation it had under the agreement and defendant shall be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted.

16.     The Defendant recognizes that this plea agreement has already conferred a benefit on the Defendant.  Consequently, in return for the benefit conferred on the Defendant by entering into this agreement, the Defendant agrees not to seek a downward departure or variance from the specific sentence of 12 to 15 years (144-180 months) of imprisonment as agreed to by the parties pursuant to Rule 11(c)(1)(C) of the Federal rules of Criminal Procedure.   If the Defendant, in violation of this paragraph, should nevertheless seek a downward departure or variance, including a departure or variance from the guideline Criminal History Category, the

10

United States shall have the right to treat this plea agreement as null and void and to proceed to trial on all charges before the Court.

## IMMIGRATION REMOVAL AND OTHER IMMIGRATION CONSEQUENCES

17.     The Defendant recognizes that pleading guilty may have consequences with respect to the Defendant's immigration status if the Defendant is not a citizen of the United States.   Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which the Defendant is pleading guilty.   Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including the Defendant's attorney or the district court, can predict to a certainty the effect of the Defendant's conviction on the Defendant's immigration status.   The Defendant nevertheless affirms that the Defendant wants to plead guilty regardless of any immigration consequences that the Defendant's plea may entail, even if the consequence is the Defendant's automatic removal from the United States.

## WAIVER OF APPEAL RIGHTS

18.     The Defendant is aware that 28 U.S.C. § 1291 and 18 U.S.C. § 3742 afford a defendant the right to appeal a conviction and the sentence imposed.   Acknowledging that, the Defendant knowingly waives the right to appeal the Defendant's conviction(s) and any sentence, including any fine, imposed in conformity with this Fed. R. Crim. P. 11(c)(1)(C) plea agreement, as well as any order of restitution entered by the Court.   The Defendant also waives the right to appeal any sentence imposed below or within the Guideline range upon a revocation of supervised release in this cause number.   In addition, the Defendant agrees to waive any collateral attack to the Defendant's conviction(s) and any sentence, including any fine, pursuant

11

to 28 U.S.C. §§ 2241 or 2255, or any other extraordinary writ, except on the issue of defense counsel's ineffective assistance.

## GOVERNMENT'S ADDITIONAL AGREEMENT

19.     Provided that the Defendant fulfills the Defendant's obligations as set out above, the United States agrees that:

          a.     Following sentencing, the United States will move to dismiss Counts 1, 2, 3, 6, and 7 of the Superseding Indictment.

          b.     The United States will not bring additional criminal charges against the Defendant arising out of the facts forming the basis of the present superseding indictment.

20.     This agreement is limited to the United States Attorney's Office for the District of New Mexico and does not bind any other federal, state, or local agencies or prosecuting authorities.

## ADDITIONAL AGREEMENT

21.     The Defendant understands that the other Defendants in this case have entered, or will enter, into plea agreements with the United States.   A complete resolution of this case against all Defendants before trial constitutes important consideration for the United States. Accordingly, if at any time any of the other Defendants do not enter guilty pleas or seek withdrawal from their plea agreements, the United States, in its sole discretion, may withdraw

from any or all of the Defendants' plea agreements, including this plea agreement, and proceed to trial.

## VOLUNTARY PLEA

22.     The Defendant agrees and represents that this plea of guilty is freely and voluntarily made and is not the result of force, threats, or promises (other than the promises set forth in this agreement and any addenda).   The Defendant also represents that the Defendant is pleading guilty because the Defendant is in fact guilty.

## VIOLATION OF PLEA AGREEMENT

23.     The Defendant agrees that if the Defendant violates any provision of this agreement, the United States may declare this agreement null and void, and the Defendant will thereafter be subject to prosecution for any criminal violation, including but not limited to any crime(s) or offense(s) contained in or related to the charges in this case, as well as perjury, false statement, obstruction of justice, and any other crime committed by the Defendant during this prosecution.

## SPECIAL ASSESSMENT

24.     At the time of sentencing, the Defendant will tender to the United States District Court, District of New Mexico, 333 Lomas Blvd. NW, Suite 270, Albuquerque, New Mexico 87102, a money order or certified check payable to the order of the **United States District Court** in the amount of $200 in payment of the special penalty assessment described above.

## ENTIRETY OF AGREEMENT

25.    This document and any addenda are a complete statement of the agreement in this case and may not be altered unless done so in writing and signed by all parties.   This agreement is effective upon signature by the Defendant and an Assistant United States Attorney.

AGREED TO AND SIGNED this _10th_ day of _February_, 2023.

ALEXANDER M. M. UBALLEZ
United States Attorney

KIMBERLY A. BRAWLEY
TAVO HALL
Assistant United States Attorney
Post Office Box 607
Albuquerque, New Mexico 87102
(505) 346-7274

GEORGE C. KRAEHE
Trial Attorney
Counterterrorism Section
National Security Division
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC   20530

I have carefully discussed every part of this agreement with my client.   Further, I have fully advised my client of my client's rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.   In addition, I have explained to my client the elements to each offense to which she/he is pleading guilty.   To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

ARIC ELSENHEIMER
Attorney for the Defendant

14

ANGELICA HALL
Attorney for the Defendant


This agreement has been read to me in a language I understand.   I have carefully discussed every part of this agreement with my attorney.   I understand the terms of this agreement, and I voluntarily agree to those terms.   My attorney has advised me of my rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.

JANY LEVEILLE
Defendant

15