IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

  vs.                              No. 1:18-cr-02945-WJ

JANY LEVEILLE,
SIRAJ IBN WAHAJ,
LUCAS MORTON,
HUJRAH WAHHAJ, and
SUBHANAH WAHHAJ,

    Defendants.

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANTS' JOINT MOTION TO EXCLUDE EXPERT TESTIMONY OR IN THE ALTERNATIVE FOR *DAUBERT* HEARING

THIS MATTER is before the Court on the Defendants' Joint Motion to Exclude Expert Testimony or in the Alternative for *Daubert* Hearing (Doc. 754). The Defendants' Motion seeks to exclude expert testimony by Nurse Practitioner Gloria Smikle. (Doc. 754 at 1). However, the United States has stated that it intends to call Nurse Practitioner Smikle as a lay witness, not an expert witness. (Doc. 771 at 4-8). Therefore, the Court will deny the Joint Motion to exclude Nurse Practitioner Smikle's testimony.

A treating health care provider is generally not considered an expert witness if he or she testifies about observations based on personal knowledge from treatment of the patient. *Davoll v. Webb*, 194 F.3d 1116, 1138 (10th Cir. 1999). A treating health care provider's testimony may include opinions regarding "prognosis, the extent of present and future disability, and the need for future medical treatment," so long as the opinions are based on the provider's personal knowledge gained from the care and treatment of the patient. *Adrean v. Lopez*, 2011 WL

1

6141121 (N.D. Okla. Dec. 9, 2011) (quoting *Goeken v. Wal-Mart Stores, Inc.*, 2001 WL 1159751, at *3 (D. Kan. Aug. 16, 2001)). As essentially a hybrid witness, a treating provider is permitted to testify to "fact opinions." However, the scope of such opinion testimony is circumscribed. *Hall v. Sykes*, 164 F.R.D. 46, 48 (E.D. Va. 1995).

A treating health care provider's testimony may extend to opinions on causation, but only "to the limited extent that opinions about the cause of an injury are a necessary part of a patient's treatment." *Starling v. Union Pac. R. Co.*, 203 F.R.D. 468, 479 (D. Kan. 2001). Matters within the scope of a treating provider's treatment may include opinions about causation, diagnosis, and prognosis. *Richard v. Hinshaw*, 2013 WL 6709674, at *2 (D. Kan. Dec. 18, 2013); *Trejo v. Franklin*, 2007 WL 2221433, at *1 (D. Colo. July 30, 2007) (stating that "treating physician opinions regarding causation and prognosis based on examination and treatment of the patient" are proper).

A treating health care provider is permitted to give testimony regarding fact opinions as to causation, diagnosis, prognosis, and the extent of patient's disability or injury derived from his or her observations and treatment. *Ngo v. Standard Tools & Equipment Co., Inc.*, 197 F.R.D. 263, 266–67 (D. Md. 2000). However, such testimony is limited to the fact opinions that the treating provider formed based on his or her personal knowledge and observations obtained during his or her course of care and treatment of the patient. A treating provider is not permitted to provide expert testimony regarding any opinion formed based on information learned outside of patient's treatment. *Farris v. Intel Corp.*, 493 F. Supp. 2d 1174, 1180 (D.N.M. 2007); *Zurba v. United States*, 202 F.R.D. 590, 591 (N.D. Ill. 2001).

Joyce Smikle is a Nurse Practitioner who provided care and treatment to John Doe 1 prior to his death. The United States has given notice three times that it intends to call Nurse Smikle as

a witness in this case. (Doc. 127, 267, 771). In its most recent filing, the United States stated:

> "The United States previously provided notice that it intended to call Gloria Smikle, a nurse practitioner who was one of John Doe's medical providers, to testify about medical treatment she provided John Doe prior to his death, but the United States does not intend to elicit expert opinions from Ms. Smikle. Doc. 127, 267. Ms. Smikle will testify about John Doe's medical diagnosis and treatment history. She will also testify that John Doe suffered from a seizure disorder, that his medical conditions required continuing medical treatment, [and] that he required daily prescription medication. Copies of John Doe's medical records were previously disclosed as bates numbers 24, 621-26, 185."

(Doc. 771 at 2). Based on the United States' statements, the United States may call Nurse Practitioner Smikle as a lay treating health care witness, Nurse Smikle may testify at trial as one of John Doe's treating health care providers. However, her testimony as a treating nurse practitioner must be limited to the facts of her treatment and fact opinions that she formed based on her personal knowledge and observations obtained during her course of care and treatment of John Doe. *Farris*, 493 F. Supp. 2d at 1180; *Zurba*, 202 F.R.D. at 591. The Court will deny Defendants' Joint Motion to Exclude Expert Testimony or in the Alternative for *Daubert* Hearing (Doc. 754) on the grounds that Nurse Practitioner Gloria Smikle will not testify as an expert witness in this case, her testimony need not meet the requirements of Fed. R. Evid. 702, and a hearing pursuant to *Daubert v. Merrell Dow Pharmaceuticals,* 509 U.S. 579 (1993) is, therefore, unnecessary.

    **IT IS SO ORDERED.**

                                                        WILLIAM P. JOHNSON
                                                        CHIEF UNITED STATES DISTRICT JUDGE