IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                         Case No. 1:18-cr-2945-WJ

JANY LEVEILLE,
SIRAJ IBN WAHHAJ,
HUJRAH WAHHAJ,
SUBHANAH WAHHAJ, and
LUCAS MORTON,

    Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING UNITED STATES' MOTION TO EXCLUDE THE TESTIMONY OF DR. SHUKI COHEN

**THIS MATTER** is before the Court the United States' Motion to Exclude or Limit the Expert Testimony of Dr. Shuki Cohen (Doc. 761). The Court held a *Daubert* hearing and heard the parties' arguments on the Motion on July 26, 2023. The Court is persuaded by the United States' argument that Dr. Cohen's testimony is irrelevant to the elements of the charged offenses and its admission would confuse the issues and mislead the jury. As such, having reviewed the arguments and considered the applicable law, the United States' Motion is hereby **GRANTED**.

### BACKGROUND

Defendants are charged with seven counts arising from their conduct between October 2017 and August 2018: (1) Conspiracy to Provide Material Support to Terrorists in violation of 18 U.S.C. § 2339A; (2) Providing Material Support to Terrorists in violation of 18 U.S.C. §§ 2339A & 2; (3) Conspiracy to Murder an Officer or Employee of the United States in violation of 18 U.S.C. § 1117; (4) Conspiracy to Commit an Offense Against the United States in violation of 18

U.S.C. § 371; (5) Possessing a Firearm While Unlawfully in the United States in violation of 18 U.S.C. §§ 922(g)(5) & 2; (6) Conspiracy to Commit Kidnapping in violation of 18 U.S.C. § 1201(c); and (7) Kidnapping in violation of 18 U.S.C. §§ 1201(a) & 2.[1] Doc. 85.

In April 2023, Defendants submitted notice that they intend to call Dr. Shuki Cohen, a professor of psychology with expertise in the psychology of terrorism and violent extremism, as an expert witness at trial. Doc. 723. According to the notice, Dr. Cohen "will opine that the actions and the worldview of the defendants, in their totality, are *inconsistent* with Jihadi homegrown terrorism and that, from the ideological and doctrinal standpoint, the group of defendants share very little in common with most characteristics of violent Jihad with which they were charged." *Id.* at 2 (emphasis in original). Defendants also disclosed Dr. Cohen's curriculum vitae, which details his Ph.D. and post-doctorate fellowship in clinical psychology, his sixteen years as a professor, as well as dozens of his peer-reviewed publications and presentations related to terrorist ideology, linguistics, and psychology. Doc. 761-1. Dr. Cohen prepared a written report to support his opinion. In his report, Dr. Cohen covered a wide array of topics, including the difficulty in defining terrorism, distinguishing terrorism from mental illness and religious cults, how Defendants' group ideology differs from mainstream Islam and violent Jihadi doctrine, and how charging Defendants "with terrorism" would be counterproductive from a policy perspective. Doc. 761-2.

The United States filed the instant Motion to Exclude Dr. Cohen's testimony on two related grounds. The United States first argues Dr. Cohen's testimony is irrelevant under Rule 401 because

---

[1] Defendants Subhannah and Hurjrah Wahhaj are not charged in Count Three. Doc. 85 at 6. Defendant Siraj Wahhaj was not charged in Counts Six and Seven because he is the biological father of John Doe. Doc. 85 at 1-9; *see also* 18 U.S.C. § 1201(a) ("Whoever unlawfully seizes, confines, inveigles, decoys, kidnaps, abducts, or carries away and holds for ransom or reward or otherwise any person, *except in the case of a minor by the parent thereof . . . .*") (emphasis added).

none of the charged offenses "require proof that the Defendants were terrorists, 'Jihadis,' or part of a foreign or homegrown terrorist or 'Jihadi' organization." Doc. 761 at 9. Second, the United States argues Dr. Cohen's testimony would violate Rule 403 because it has minimal probative value and is likely to mislead the jury and confuse the issues. Upon review of the record and the applicable law, the Court agrees with the United States and concludes that the admission of Dr. Cohen's testimony would violate Federal Rules of Evidence 401 and 403.

## DISCUSSION

In *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, the United States Supreme Court explained that Federal Rule of Evidence 702 assigns to the district court a gatekeeping role to ensure that an expert's scientific testimony "both rests on a reliable foundation and is relevant to the task at hand." 509 U.S. 579, 597 (1993). First, the Court must determine whether the expert is qualified by "knowledge, skill, experience, training or education" to render an opinion. Fed. R. Evid. 702. Second, the Court must determine whether the expert's opinions are reliably applied to the facts of the case. The proponent of expert testimony has the burden to show by a preponderance of the evidence that:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. Under Rule 702, relevancy remains a "touchstone[] of the admissibility of expert testimony." *Daubert*, 509 U.S. at 599. In particular, Rule 702(a) "goes primarily to relevance" because "[e]xpert testimony which does not relate to any issue in the case is not relevant and, ergo, non-helpful." *Id.* at 591 (internal quotation and citations omitted).

The United States does not argue Dr. Cohen is unqualified to render his proposed expert opinion. Instead, the United States requests to exclude his testimony on grounds that: (1) it is not relevant under Rule 401 because it doesn't relate to the elements of the charged offenses; and (2) its minimal probative value is substantially outweighed by the risk of confusing the issues and misleading the jury in violation of Rule 403. While the Court agrees with Defendants that Dr. Cohen is highly qualified to render his proposed expert opinion, the Court is persuaded by both arguments advanced by the United States that Dr. Cohen's proposed opinion testimony is not relevant under Rule 401 and, to the extent that the proposed opinion testimony has some minimal probative value, it is substantially outweighed by the risk of confusing the issues and misleading the jury in violation of Rule 403.

**I.      Dr. Cohen's testimony is not relevant.**

As a threshold matter, all evidence admitted at trial must be relevant. "Rule 401 defines relevant evidence as having 'any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.'" *Old Chief v. United States*, 519 U.S. 172, 177 (1997) (quoting Fed. R. Evid. 401). In the criminal context, relevant evidence "tends to make a necessary element of an offense more or less probable." *United States v. Davis*, 636 F.3d 1281, 1298 (10th Cir. 2011) (citing Fed. R. Evid. 401). Moreover, in the context of expert testimony, the proponent must show the proposed testimony "will help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702(a). The United States argues Dr. Cohen's prosed testimony is both irrelevant under Rule 401 and not helpful to jury under Rule 702(a).

The Court finds that Dr. Cohen's proposed testimony is not relevant to the necessary elements of Defendants' charged offenses. Dr. Cohen's proposed testimony is centered upon his

opinion that Defendants' "actions and worldview . . . are inconsistent with Jihadi homegrown terrorism." However, none of the offenses charged in the Superseding Indictment require proving Defendants were "Jihadis" or "terrorists." *See* Doc. 85. Even Counts One and Two, Providing Material Support to Terrorists in violation of 18 U.S.C. § 2339A and conspiracy to do the same, do not include any element related to "terrorism." *See United States v. Hassan*, 742 F.3d 104, 111-12 (4th Cir. 2014) (stating elements of 18 U.S.C. § 2339A: (1) that Defendants entered into a conspiracy; (2) that the objective of the conspiracy was to provide material support or resources; and (3) that Defendants then knew and intended that the provision of such material support or resources would be used in preparation for, or in carrying out, a violation of [18 U.S.C. § 1114 (attempt to kill an officer or employee of the United States)]). The United States elected not to charge Defendants under the adjacent statute, 18 U.S.C. § 2339B, which would have required proving they provided material support to a designated "foreign terrorist organization." None of the remaining five counts in the indictment include any element related to terrorism. Accordingly, Dr. Cohen's opinion that Defendants' actions and beliefs were not consistent with Jihadi terrorists is not probative of "any fact that is of consequence to the determination of the action." Fed. R. Evid. 401.[2]

       Defendants' counterarguments are unavailing. First, Defendants cite to a line of dicta in *Holder v. Humanitarian Law Project* for the proposition that § 2339A "refer[s] to an intent to further terrorist activity." 561 U.S. 1, 17 (2010). However, *Holder* dealt with a constitutional challenge to § 2339B—which requires proof that an individual knowingly supported a "designated

---

[2] Consistent with this ruling, the Court previously entered a Memorandum Opinion and Order limiting the testimony of Government's expert Steven R. Watt and Defendants' expert Joost Janssen regarding whether Defendants are or are not a home-grown terrorist group. *See* Doc. 910 entered August 7, 2023.

5

terrorist organization"—whereas the statutory text of § 2339A nowhere includes the word "terrorism" or "terrorist" as a required element. 18 U.S.C. § 2339B. Defendants also argue Dr. Cohen's opinion is relevant to prove Defendants' "motive or state of mind." Doc. 811 at 3. Even assuming motive is relevant, Defendants failed to show that Dr. Cohen's proposed expert testimony would be helpful to the jury under Rule 702(a). Both parties intend to introduce straightforward direct evidence—such as letters and diary entries—to evince Defendants' motives. A lay juror is fully capable of understanding and inferring Defendants' motives through direct evidence without the aid of expert testimony. For this reason, "[c]ourts routinely exclude expert testimony as to intent, motive, or state of mind as impermissible." *Liberty Mutual Fire Insurance Co v. Michael Baker International, Inc.*, No. 19-cv-881-JNP, 2022 WL 973079, at *11 (D. Utah Mar. 31, 2022). In the Court's view, it is wholly irrelevant and unhelpful to the jury in determining Defendants guilt whether Dr. Cohen believes Defendants' actions and ideologies are more consistent with mainstream Islam, "jihadism," or a religious cult.

Finally, the Court finds particularly persuasive on this issue the opinion of the United States Court of Appeals for the Sixth Circuit affirming the district court's exclusion of similar expert testimony in an analogous case. In *United States v. Amawi*, the Sixth Circuit considered an appeal following convictions at trial of three codefendants charged with conspiracy to kill and maim persons outside the United States and conspiracy to provide material support to terrorists in violation of 18 U.S.C. § 2339A. 695 F.3d 457, 464 (6th Cir. 2012).[3] The *Amani* Defendants' convictions stemmed from a conspiracy to distribute jihadist training videos to potential recruits

---

[3] The Court notes that *Amawi* is one of few authorities on the precise situation Defendants face—proceeding to trial on a § 2339A charge without being simultaneously charged with § 2339B. Thus, as in this case, "terrorism" was not an element at trial. The Court finds the Sixth Circuit's affirmance of the district court's decision to limit expert testimony regarding terrorism highly persuasive.

6

overseas. The defendants sought to offer two expert witnesses: one to testify "about the history of Islam, jihad, and the rise of modern-day jihadist social movements"; and a second to testify "about politics and cultural norms in the Middle East." *Id.* at 480. The district court excluded both witnesses, concluding that their testimony was irrelevant and likely to confuse the issues: "just as this case is not about 'Terrorism' writ large, it is not about Islam or jihadist movements generally." *Id.* The Sixth Circuit affirmed, noting that "[n]one of the charges in the indictment were of "terrorism" or related to any Islamist jihadist movement." *Id.* As in *Amawi*, the instant case does not require proving Defendants practiced "homegrown jihadi terrorism." Nor would Dr. Cohen's expert opinion classifying Defendants' group as a religious cult negate any required elements of the charged offenses. *See Amawi*, 695 F.3d at 480 ("there is a very weak link, if any, between Middle Eastern cultural norms and the relevant states of mind of the defendants with respect to the conspiracy charges"). Defendants' ideologies and worldviews—much less doctrines of mainstream Islam, Jihadism, and cults—are not on trial. The Court therefore concludes Dr. Cohen's testimony is not relevant to the offenses charged in the Superseding Indictment and must be excluded pursuant to Fed. R. Evid. 402.[4]

## II. Dr. Cohen's testimony would mislead and confuse the jury.

The United States also argues the admission of Dr. Cohen's testimony would violate Rule 403 because it "would inevitably mislead and confuse the jury." Doc. 761 at 12. Rule 403 authorizes the Court to "exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . confusing the issues, [or] misleading the jury . . . ." Fed. R. Evid. 403. The United States contends that the admission of Dr. Cohen's testimony would conflate the

---

[4] The Court cautions that, if the Government's expert, Steven Watt was to testify that Defendants were a home-grown or domestic terrorism group, that could open the door to admissibility of Dr. Cohen's testimony for rebuttal purposes.

issue of whether "Defendants' ideology and motive" differed from that of known terrorists with the issue of Defendants' guilt or innocence in the jurors' minds. Doc. 761 at 11.

Dr. Cohen is a clinical psychologist. At the Daubert hearing on July 26, 2023, Dr. Cohen demonstrated an extraordinary breadth and depth of knowledge in a variety of fields, including comparative religious beliefs, doctrines and ideologies, psychology of terrorism, cults, anthropology, ethnology, sociology, and languages. During the hearing, his testimony frequently departed into tangential areas outside his offered area of expertise in this case. The Court observes that confining Dr. Cohen to the designated area of expertise at trial would likely be a difficult task and that it would be problematic, if not impossible, to craft an effective limiting instruction to alleviate any resulting confusion and prejudice.

The Court concludes that Rule 403 necessitates excluding Dr. Cohen's testimony. As outlined above, Dr. Cohen's testimony has little, if any probative value as to the required elements of Defendants' charges. Further, the issue of whether Defendants may be properly labelled "Jihadi terrorists" is a compelling issue likely to occupy the attention of the jury. Dr. Cohen's testimony is highly likely to shift the jury's attention away from determining Defendants' guilt or innocence of the charged offenses to the irrelevant inquiry into whether Defendants' worldview and ideology align with those of recognized "Jihadi terrorists." Such a tangent is not just inefficient and unnecessary, it risks the jury conflating Defendants' status as "terrorists" with the legal elements of the charged offenses. If Dr. Cohen testifies, there is a discernable risk that the jury convicts or acquits Defendants for reasons unrelated to whether their actions satisfied the elements of the offenses charged. Accordingly, the Court concludes the probative value of Dr. Cohen's testimony "is substantially outweighed by its tendency to confuse the issues in this case." *Amawi*, 695 F.3d at 480.

## CONCLUSION

For the reasons stated above, the Court concludes Dr. Cohen's testimony is inadmissible under Federal Rules of Evidence 401, 402, and 403. **IT IS THEREFORE ORDERED** that the United States' Motion to Exclude or Limit the Expert Testimony of Dr. Shuki Cohen (Doc. 761) is hereby **GRANTED**.

_____
CHIEF UNITED STATES DISTRICT JUDGE