# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW MEXICO

## Clerk's Minutes

**Before the Honorable Chief Judge William P. Johnson**

**Case No.:** CR18-2945 WJ  **Date:** 9/20/2023

**Parties:** USA v. Leveille, et al.

**Courtroom Clerk/Law Clerks:** R. Garcia/Emily Franke, Taylor Rafaly, Alexis Salas

**Court Reporter:** M. Loughran

**Interpreter:** N/A

**Type of Proceeding:** Pretrial Conference

**Place of Court:** Albuquerque

**Total time in Court:** 1 hour and 44 minutes

**Evidentiary Hearing:** NO

| **Attorneys Present for Plaintiff(s):** | **Attorneys Present for Defendant(s):** |
|---|---|
| Kimberly Brawley, George Kraehe, Jessica Joyce | Thomas Clark, stand-by counsel for Siraj Wahhaj, Ryan Villa and Justine Fox-Young, Marshal Ray and Donald Kochersberger, and Joseph Shattuck, stand-by counsel for Lucas Morton |

**Proceedings:**

9:20   Court in session; counsel enter appearances; Defendants present.

The Court asks about a joint statement of the case from the parties; Ms. Brawley noters a version is contained in the jury questionnaire; advises counsel can confer and submit one to the Court by tomorrow; Mr. Ray agrees; Court asks if any objection to reading the joint statement and not the Indictment; no objections from counsel.

The Court asks counsel how much time they need for opening statements; Ms. Brawley requests 40 minutes; Mr. Ray asks for 30 minutes for each defendant; Court will provide 20 minutes per defendant to include the pro se defendants, with counsel to open first then the pro se defendants may follow; Mr. Ray proposes that counsel present to the Court an agreed to order for opening statements by the defendant; Court agrees.

The Court takes-up Motion for additional peremptory challenges; Mr. Villa addresses the Court and cites to the nature of this case in support of an additional 3 peremptory challenges for each defendant and no additional challenges for the Government; Ms. Brawley respond noting case law in support of additional challenges for the Government; argues no additional peremptory are necessary; but, if the motion is granted, that the Government receive additional peremptory challenges.

The Court is leaning toward 10 challenges for the defendants to exercise jointly, 6 challenges for the government, and 2 additional challenges for each defendant to exercise individually; Court will take a look at the case law noted by Ms. Brawley and get an order out; Mr. Villa replies re Court discretion to grant additional challenges to the Government; Court will review case law.

The Court notes stipulations by the parties re Mr. Morton's box truck and allegations of child abuse re any children, with the exception of AG; discussion with counsel; Ms. Brawley responds; Ms. Brawley also notes the Government will not be introducing any evidence that the trailer dug in the ground was solen; Mr. Villa addresses issues re prior investigation and surveillance done in Georgia; Mr. Hall responds; Mr. Villa replies; Mr. Hall responds; Court notes it may just have to conduct some bench conferences, if necessary. The Court notes no objections to Government's voir dire.

The Court takes-up the Government's objections to defendant Subhanah Wahhaj's proposed voir dire which was joined by Hujrah Wahhaj; Ms. Brawley argues in support of objections; Mr. Ray responds; Court addresses counsel; Ms. Brawley withdraws Government's objection; Court believes defendants' should have some leeway.

The Court asks counsel about size of jury panels to be brought in; Ms. Brawley notes if we excuse 80 we'll should have enough from the first pool; Mr. Villa believes if we can get 80 in, we can get a jury from that panel and second panel can be backup; since space will be very limited, the Court suggests a video feed be established for the public and media to view jury selection; no objections from counsel; Court asks if there is any objection to seating jurors in the jury box; no objections from counsel; Court notes it will set up video feed for media and public and will use jury box to seat jurors; Mr. Villa requests a blank seating chart; Court believes one can be provided.

The Court takes-up using juror numbers and not names for voir dire; Mr. Ray would prefer names; Mr. Villa addresses the issue and requests use of names; Ms. Brawley addresses issue and prefers just juror

|  |  |
|---|---|
|  | numbers; Mr. Villa replies; Ms. Brawley responds; Court will take under advisement. |
|  | Mr. Villa would like to confirm we will have 4 alternates; Court confirms 4 alternates will be used. |
|  | The Court will take a break and allow counsel to confer re the order of their opening statements. |
|  | Mr. Clark asks the Court about legal issues that may need to be raised on the record; does he and Mr. Shattuck do that?  Mr. Clark suggests raising any issues at the bench; Court notes stand-by counsel can approach the bench and then relay information to pro se parties; Mr. Clark agrees. |
|  | Ms. Brawley asks how pro se defendant would testify, who would ask questions of him; discussion held; Court notes pro se would testify and the Court will allow Government to make relevance objections. |
|  | Mr. Villa asks if pros se parties will come to the bench for bench conferences; Court advises stand-by counsel can approach for bench conferences, they then they can relay info to pro se defendants. |
|  | Ms. Brawley notes it the Government's understanding that it would be inappropriate for counsel for co-defendants to raise objections to pro se testimony; Court notes counsel have the interests of their client to protect; Mr. Villa believes counsel has the right to object to anything; Mr. Brawley clarifies to note that they should not be objecting to help the pro se party testify since they are not their counsel; Mr. Ray notes duty to object if it prejudices their client or violates a rule of evidence; Court notes Ms. Brawley is talking about coaching; any coaching would have to come from stand-by counsel. |
|  | Mr. Clark raises an issue re opening statements by pro se defendants and evidence; Court notes pro se defendants may give opening statements; but will entertain objections if statements cross the line; Court directs Mr. Clark and Mr. Shattuck to make sure defendants understand the rule re opening statements. |
|  | The Court takes a short break. |
| 10:56 | Court back in session. |
|  | The Court notes we'll be able to seat approximately 100 jurors for voir dire and believes we can seat a jury and alternates with that number; notes the Rio Grande courtroom will not be open to media or public due to the number of jurors in the courtroom, the Rio Grande courtroom will not be open to the media or public; advises a video feed will be provided for them to another courtroom for their viewing; after selection, the Rio Grande courtroom will be open to media and public; no objections from the parties. |
|  | The Court addresses additional peremptory challenges; Court will allow 6 peremptory challenges for the Government; defense will be allowed 10 peremptory challenges to be exercised jointly and each defendant |

will be allowed 2 additional peremptory challenges to be exercised individually; and the Court will allow 2 peremptory challenges for each side re the 4 alternate jurors.

The Court notes the jurors will be seated randomly and directs counsel to refer to jurors by their random seating chart number; notes defendants' objection for the record.

The Court notes we'll have one podium in the courtroom to be used by all parties including pro se defendants.

The Court advises it will now move into sealed session to address health and personal information related to juror excusals.

11:04    Court moves to sealed session.